IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM ALEXANDER TOWNSEND,

    Plaintiff,

v.                                          Case No. 5:12-cv-176-MP-GRJ

WARDEN J. PALMER, et al,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.)  Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), filed his Complaint on the Court's civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983.  From a review of the Complaint, it is evident the facts as presented fail to state a claim upon which relief can be granted with respect to certain of the claims Plaintiff wishes to bring.  Plaintiff will therefore be given an opportunity to amend his Complaint.  Plaintiff also failed to pay the $350 filing fee or file a motion to proceed *in forma pauperis*.  Accordingly, he also will be instructed to either pay the filing fee or file a motion to proceed *in forma pauperis.*

### I. BACKGROUND AND FACTS

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against 16 Defendants, all of whom are employed by the FDOC at Appalachee Correctional Institution, Liberty Correctional Institution or the Northwest Florida Reception Center or at FDOC headquarters in Tallahassee.  According to the factual allegations in the Complaint, Plaintiff, who is African-American, has been targeted by a "racist clique" of Caucasian

FDOC employees. Plaintiff contends the Defendants have committed hate crimes against him, stopped and/or confiscated his legal mail and other property, and prevented Plaintiff's family from being able to visit Plaintiff in prison.

In his Complaint, Plaintiff states an intention to bring claims for Eighth Amendment violations, hate crimes, and violations of Plaintiff's and Plaintiff's family's civil rights. In terms of his requested relief, Plaintiff seeks an immediate transfer to an FDOC facility in southern Florida, a permanent injunction against the Defendants' continued harassment of him, and he asks that an investigation be conducted of all the actions Defendants have taken against him.

## II. STANDARD OF REVIEW

The Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A mandates the Court must independently review all cases brought by prisoners against government entities or employees. The Court is further directed by section 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the

state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

### III. DISCUSSION

Plaintiff's Complaint purports to bring several federal constitutional claims against the Defendants.  The Court will address each of Plaintiff's claims on a claim by claim basis and then will discuss the proper Defendants as well as Plaintiff's requested relief.

**A.    Plaintiff's First Amendment Claim**

In the Complaint, Plaintiff alleges the Defendants violated his First Amendment rights by interfering with his receipt of his legal mail and confiscating his legal papers.  Prisoners have a constitutional right of access to courts.  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  To state a claim for denial of access to courts, a plaintiff must not only show that prison authorities failed to provide access or assistance, but also that the failure "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). As such, the United States Supreme Court has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." Id.; see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir.1998) ("The doctrine of standing requires that an inmate alleging a violation of the right to access to the courts must show an actual injury."). An inmate

must prove that the defendants' actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. Lewis, 518 U.S. at 354-56. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. Examples of actual injury include "missing filing deadlines or being prevented from presenting claims." Wilson v. Blankenship, 163 F.3d 1284, 1290 n.10 (11th Cir.1998) (citing Lewis, 518 U.S. at 348).

Plaintiff alleges that some of the Defendants stopped him from receiving some of his legal papers in the mail when he had a pending deadline in one of his cases. He also states the Defendants confiscated certain of his legal papers. Plaintiff does not specify, however, whether the Defendants' actions prevented him from presenting his claims to the courts or resulted in Plaintiff missing a court deadline. In amending his Complaint he should specify how the Defendants' actions in stopping and/or confiscating his legal papers injured him, that is, whether they prevented him from meeting a court-imposed deadline or from presenting a claim to the courts.

**B.     The Confiscation of Plaintiff's Property**

Plaintiff also alleges he was deprived of his personal property. The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. Daniels v. Williams, 474 U.S. 327, 330, 333 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property). The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of

the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The State of Florida provides Plaintiff with an adequate post-deprivation remedy for the loss of his property. Prisoners may file a tort claim action in state court in order to recover damages for property losses. See FLA. STAT. § 768.28 (2011). Because Plaintiff has access to an adequate post-deprivation remedy, no procedural due process violation has occurred. See Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.")(quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991).

Plaintiff has access to an adequate post-deprivation remedy in connection with the confiscation of his property by the Defendants.  Accordingly, Plaintiff cannot maintain a due process claim for deprivation of his property and he should delete this claim in amending his Complaint.

**C.     Plaintiff's Claim Regarding Visits from His Family**

Plaintiff also claims the Defendants are denying his family members the ability to visit Plaintiff in prison.  Due process does not guarantee an inmate the right of unfettered visitation. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Evans v. Johnson, 808 F.2d 1427, 1428 (11th Cir. 1987)(*per curiam*)("A convicted prisoner has no absolute constitutional right to visitation, such privilege being subject to the discretion of prison authorities, provided the visitation policies of the prison meet legitimate penological objectives.").  Plaintiff has not included sufficient

factual allegations to demonstrate a constitutional violation by the Defendants in connection with the purported denial of visitation by his family and, accordingly, he should delete this claim in amending his Complaint.

### D.     Proper Defendants

The Court also notes Plaintiff named 16 Defendants who work at four different FDOC facilities but failed to describe the role played by multiple Defendants in the alleged deprivations of his federal constitutional rights.  To establish liability under 42 U.S.C. § 1983, Plaintiff must show an affirmative causal connection between each Defendant's conduct and the constitutional deprivation.  <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  Accordingly, Plaintiff should name as Defendants only those individuals whom he believes deprived him of his federal constitutional rights.

### E.     Plaintiff's Requested Relief

In terms of his requested relief, Plaintiff seeks an immediate transfer to an FDOC facility in southern Florida and also asks that an investigation be conducted of all the actions Defendants have taken against him.  The Court has no authority to order the FDOC to transfer Plaintiff to a specific institution or to order the FDOC to conduct an investigation of Plaintiff's complaints.  Accordingly Plaintiff should delete both these requests for relief when he amends his Complaint.

### IV. <u>CONCLUSION</u>

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to name the proper Defendants and to eliminate claims that are

not viable. To amend his Complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "First Amended Complaint." An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file his First Amended Complaint with the Clerk of the Court and keep one identical copy for himself.

Accordingly, it is hereby **ORDERED:**

1. The **Clerk** is instructed to send the Plaintiff blank copies of the Court's form complaint for use by prisoners in actions under 42 U.S.C. § 1983 and a blank motion to proceed in forma pauperis for use by prisoners. Plaintiff shall file a First Amended Complaint, completing the complaint form in full. Plaintiff shall file the First Amended Complaint, with a service copy for each Defendant, **on or before July 13, 2012.** Plaintiff shall also either pay the $350 filing fee or a file a properly completed motion to proceed in forma pauperis **on or before July 13, 2012.**

2. Failure to comply with this Order in the allotted time will result in a recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 12th day of June, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge