IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM ALEXANDER TOWNSEND,

    Plaintiff,

v.                                                                           CASE NO. 5:12-cv-176-MP-GRJ

WARDEN J. PALMER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Plaintiff's "Writ for Attorney's Fees & F.O.I.A.." (Doc. 14.)  Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), originally filed this civil rights case under 42 U.S.C. § 1983.  (Doc. 1.)  The Court reviewed the complaint and found that it failed to state a claim upon which relief could be granted.  (Doc. 3.)  On June 12, 2012, the Court entered an order directing Plaintiff to file an amended complaint on the Court's form and pay the filing fee, or file a motion to proceed *in forma pauperis*, by July 13, 2012.  *Id.*  The Court repeated this directive on June 22, 2012, Doc. 6, and twice more in orders denying Plaintiff's "Writs for Clarification."  (Docs. 8, 10.)  On July 19, 2012, with no amended complaint, filing fee, or complete motion to proceed *in forma pauperis* filed, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to obey a directive of the Court and for failure to prosecute.  In response, Plaintiff filed a statement of vague and conclusory allegations against Defendants, and also requested an extension of time.  Because Plaintiff is incarcerated and proceeding *pro se*, the Court granted the extension of time to file an amended complaint on August 3, 2012.  Instead of an

amended complaint, Plaintiff has filed the instant "writ." For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief can be granted.

## "WRIT FOR ATTORNEY'S FEES AND F.O.I.A."

Before addressing the substance of Plaintiff's claims, the undersigned will briefly address the instant "writ." This document purports to summarize Plaintiff's original claims under 42 U.S.C. § 1983, asserting claims of "slander," "reckless child endangerment," "mail fraud," "insubordination," "hate crimes," and "conspiracy to commit murder" against all Defendants. (Doc. 14.) Plaintiff then requests counsel, and further requests the Court to order production of "all evidence and documents vital to Plaintiff's" civil rights claim. *Id.* at 4.

Plaintiff's request for appointment of counsel is due to be denied. The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Bass v. Perrin, 170 F.3d 1712, 1720 (11th Cir. 1999). Upon reviewing the pleadings in this action, the Court finds that there are no exceptional circumstances to merit the appointment of counsel at this time. The difficulties presented to the *pro se* Plaintiff are typical of those faced by other incarcerated litigants, and the facts of this case are not complex. Plaintiff is also not entitled to discovery in this case, at least at this juncture. Prisoner cases are exempted by Local Rule 26.2 from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). Insofar as Plaintiff requests the Court to order the prison to produce

documents under the Freedom of Information Act ("FOIA"), this request is also due to be denied. The Court makes no finding at this time as to Plaintiff's entitlement to any documents under FOIA. But insofar as he is entitled to any such records, he must request them directly from the relevant public agency.

## **PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. § 1983**

Because Plaintiff has ignored repeated Court orders to file an amended complaint, the Court's screening under 28 U.S.C. § 1915A focuses on the original complaint, Doc. 1. Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). In its first Order directing the filing of an amended complaint, the Court discussed the merits of Plaintiff's claims at length. (Doc. 3.) That discussion is incorporated below.

### Background and Facts

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against 16 Defendants, all of whom are employed by the FDOC at Appalachee Correctional Institution, Liberty Correctional Institution or the Northwest Florida Reception Center or at FDOC headquarters in Tallahassee. According to the factual allegations in the Complaint, Plaintiff, who is African-American, has been targeted by a "racist clique" of Caucasian FDOC employees. Plaintiff contends the Defendants have committed hate crimes against him, stopped and/or confiscated his legal mail and other property, and

prevented Plaintiff's family from being able to visit Plaintiff in prison.

In his Complaint, Plaintiff states an intention to bring claims for Eighth Amendment violations, hate crimes, and violations of Plaintiff's and Plaintiff's family's civil rights. In terms of his requested relief, Plaintiff seeks an immediate transfer to an FDOC facility in southern Florida, a permanent injunction against the Defendants' continued harassment of him, and he asks that an investigation be conducted of all the actions Defendants have taken against him.

**Standard of Review**

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

**Discussion**

Plaintiff's Complaint purports to bring several federal constitutional claims against the Defendants. The Court will address each of Plaintiff's claims on a claim by

claim basis and then will discuss the proper Defendants as well as Plaintiff's requested relief.

**A.     Plaintiff's First Amendment Claim**

In the Complaint, Plaintiff alleges the Defendants violated his First Amendment rights by interfering with his receipt of his legal mail and confiscating his legal papers. Prisoners have a constitutional right of access to courts. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  To state a claim for denial of access to courts, a plaintiff must not only show that prison authorities failed to provide access or assistance, but also that the failure "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). As such, the United States Supreme Court has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." Id.; see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir.1998) ("The doctrine of standing requires that an inmate alleging a violation of the right to access to the courts must show an actual injury."). An inmate must prove that the defendants' actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. Lewis, 518 U.S. at 354-56. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. Examples of actual injury include "missing filing deadlines or being prevented from presenting claims." Wilson v. Blankenship, 163 F.3d 1284, 1290 n.10 (11th Cir.1998) (citing Lewis, 518 U.S. at 348).

Plaintiff alleges that some of the Defendants stopped him from receiving some of his legal papers in the mail when he had a pending deadline in one of his cases.  He

also states the Defendants confiscated certain of his legal papers. Plaintiff does not specify, however, whether the Defendants' actions prevented him from presenting his claims to the courts or resulted in Plaintiff missing a court deadline. Because Plaintiff has not alleged an actual injury, he has failed to state a claim for denial of access to courts and this claim should be dismissed.

**B.      The Confiscation of Plaintiff's Property**

Plaintiff also alleges that he was deprived of his personal property. The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. Daniels v. Williams, 474 U.S. 327, 330, 333 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property). The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The State of Florida provides Plaintiff with an adequate post-deprivation remedy for the loss of his property. Prisoners may file a tort claim action in state court in order to recover damages for property losses. *See* FLA. STAT. § 768.28 (2011). Because Plaintiff has access to an adequate post-deprivation remedy, no procedural due process violation has occurred. *See* Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized

seizures of personal property by state officers.")(quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991).

Plaintiff has access to an adequate post-deprivation remedy in connection with the confiscation of his property by the Defendants. Accordingly, Plaintiff cannot maintain a due process claim for deprivation of his property, and this claim should be dismissed.

### C. Plaintiff's Claim Regarding Visits from His Family

Plaintiff also claims the Defendants are denying his family members the ability to visit Plaintiff in prison. Due process does not guarantee an inmate the right of unfettered visitation. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Evans v. Johnson, 808 F.2d 1427, 1428 (11th Cir. 1987) (*per curiam*) ("A convicted prisoner has no absolute constitutional right to visitation, such privilege being subject to the discretion of prison authorities, provided the visitation policies of the prison meet legitimate penological objectives."). Plaintiff has not included sufficient factual allegations to demonstrate a constitutional violation by the Defendants in connection with the purported denial of visitation by his family and, accordingly, this claim should be dismissed.

### D. Proper Defendants

The Court also notes Plaintiff named 16 Defendants who work at four different FDOC facilities but failed to describe the role played by multiple Defendants in the alleged deprivations of his federal constitutional rights. To establish liability under 42 U.S.C. § 1983, Plaintiff must show an affirmative causal connection between each

Defendant's conduct and the constitutional deprivation. <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). Plaintiff's failure to demonstrate such a connection between the named defendants and the alleged violations of his constitutional rights constitutes another ground for dismissal of this action.

### E.    Plaintiff's Requested Relief

In terms of his requested relief, Plaintiff seeks an immediate transfer to an FDOC facility in southern Florida and also asks that an investigation be conducted of all the actions Defendants have taken against him. The Court has no authority to order the FDOC to transfer Plaintiff to a specific institution or to order the FDOC to conduct an investigation of Plaintiff's complaints.

For the reasons stated above, the undersigned recommends that Plaintiff's complaint under 42 U.S.C. § 1983 be dismissed for failure to state a claim for relief. Alternatively, the undersigned recommends that the case be dismissed for failure to comply with a Court order. In this Court's orders of June 12, June 22, June 26, July 2, July 19, and August 3, 2012, Plaintiff was directed to file an amended complaint and an amended motion to proceed *in forma pauperis*. He failed to do so, and instead filed numerous statements filled with vague and conclusory allegations against Defendants. Plaintiff's failure to comply with a repeated directive of the Court justifies dismissal in this case.

Accordingly, it is respectfully **RECOMMENDED** that:

   1.   Leave to proceed as a pauper, Doc. 5, should be **GRANTED** for the

limited purpose of screening this case.

2. Plaintiff's "Writ for Attorney's Fees & F.O.I.A.," Doc. 14, should be **DENIED**.

3. This case should be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C § 1915(e)(2)(B)(I). Such dismissal will operate as a "strike" pursuant to 28 U.S.C § 1915(g).

4. Alternatively, this case should be **DISMISSED** for failure to comply with this Court's orders of June 12, June 22, June 26, July 2, July 19, and August 3, 2012.

**IN CHAMBERS**  this 26th day of September, 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:12-cv-176-MP-GRJ*